WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

Attorneys for Plaintiff
NATURAL ALTERNATIVES
INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUSCLE SPORTS PRODUCTS LLC, <br><br> Defendant. | Case No. '16CV1954 JAH KSC <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Natural Alternatives International, Inc. ("NAI" or "Plaintiff") hereby brings this Complaint against Muscle Sports Products LLC ("Muscle Sports") and alleges as follows:

**INTRODUCTION**

1. NAI sells its branded CarnoSyn® beta-alanine, an amino acid, to customers throughout the United States and in other countries. NAI's product is covered by a robust portfolio of trademark, copyright and patent rights. Muscle Sports, which sells dietary supplements containing beta-alanine, has engaged in acts of trademark infringement designed to improperly boost its sales and intentionally interfere with NAI's expanding CarnoSyn® business. NAI files this action to stop

-1- Case No. _____
COMPLAINT FOR TRADEMARK INFRINGEMENT

Muscle Sports from intentionally and willfully infringing upon NAI's intellectual property rights and wrongfully interfering with NAI's CarnoSyn® beta-alanine business.

**PARTIES**

2. NAI is a Delaware corporation with its principal place of business in San Marcos, California.

3. Muscle Sports is a Delaware corporation with its principal place of business in New York. Muscle Sports does business as Muscle Sports International.

**JURISDICTION AND VENUE**

4. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. sections 1051, *et seq*.

5. Exclusive subject matter jurisdiction over this action is conferred upon the Court pursuant to 28 U.S.C. sections 1331, 1338, and 15 U.S.C. section 1121(a).

6. The exercise of jurisdiction over Muscle Sports comports with the laws of the State of California and the constitutional requirements of due process because Muscle Sports transacts business and/or offers to transact business within California. It operates an interactive website, http://musclesport.com (incorporated here by reference), that is accessible by citizens and residents of California and, among other things, is used to promote and sell products that infringe on NAI's rights. Ex. 1. In addition, it offers for sale and sells its products in California on third-party interactive websites, such as Amazon.com.

7. Venue is proper in this District under 28 U.S.C. section 1391.

**FACTS**

**A. NAI**

8. NAI, a publicly traded company, is a leading formulator, manufacturer, marketer and supplier of nutritional supplements and provides strategic partnering services to its customers. NAI offers a wide range of innovative nutritional products and services to its clients including: scientific research, clinical studies, proprietary

ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance. NAI also funds, sponsors, directs and participates in research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives. The comprehensive services NAI offers and financial support for research have established NAI as an innovator in the field of nutritional science and increased the goodwill associated with NAI-authorized products.

9. NAI owns 34 patents in the United States and foreign countries related to beta-alanine. Beta-alanine is a non-essential amino acid. In numerous scientific studies, CarnoSyn® beta-alanine, when used as a dietary supplement, has been proven to delay the onset of fatigue in muscle cells, thereby eliminating muscle fatigue and soreness and has been shown to improve athletic performance. One of the inventors of the patents assigned to NAI, Dr. Roger Harris, has been recognized for his work in nutritional supplements, particularly his work in several studies using CarnoSyn® beta-alanine. He has a lifetime achievement award from the International Society of Sports Nutrition. NAI sells beta-alanine to customers in the United States engaged in interstate and foreign commerce. Its beta-alanine is branded and sold under the trademark CarnoSyn®. NAI also owns the entire right, title and interest to multiple trademarks, including: (a) the Carnosyn® Carnosine Synthesizer trademark, Serial No. 78372289 and Registration No. 3091092, a copy of which is attached as Ex. 2 and incorporated herein by reference; (b) the CarnoSyn® trademark, Serial No. 78372235 and Registration No. 3146289, a copy of which is attached as Ex. 3 and incorporated herein by reference; and (c) the Carnosyn Beta Alanine® trademark, Serial No. 85606462 and Registration No. 4271217, a copy of which is attached as Ex. 4 and incorporated herein by reference.

10. NAI maintains a website to promote and encourage sales of its branded beta-alanine at www.carnosyn.com, the content of which is incorporated herein by

-3- Case No. _____
COMPLAINT FOR TRADEMARK INFRINGEMENT

reference. The contents of the website includes NAI's trademarks and are protected by copyrights held by NAI.

11. NAI has invested and continues to expend substantial funds to build, expand and promote sales of CarnoSyn® beta-alanine. NAI pursues legal avenues to protect its CarnoSyn® brand and intellectual property portfolio.

12. When NAI sells CarnoSyn® beta-alanine to customers, the customers receive a scientifically-tested recognized product, a license to NAI's trademarks, and patents, and are indemnified against product liability. The license extends only to the CarnoSyn® beta-alanine purchased from NAI, and does not extend to CarnoSyn® beta-alanine that contains or is mixed or comingled with any non-trademarked beta-alanine.

13. Further, the CarnoSyn® beta-alanine is manufactured according to strict specifications and is subject to quality control and/or testing.

**B. MUSCLE SPORTS**

14. Muscle Sports is a supplier and distributor of nutritional supplements in the USA. Some of these supplements contain beta-alanine.

15. Muscle Sports owns, maintains and/or operates a website at www.Muscle Sports.com, the content of which is incorporated herein by reference.

16. Muscle Sports sells and/or offers to sell products using the names "CarnoSyn® Beta Alanine Revolution™", "BCAA NRG Revolution", "Pre Lean Revolution", "Rhino Black", "Rhino For Her" and "Rhino Revolution" (collectively referred to as "Accused Products"), which contain beta-alanine. *See, e.g.*, Ex. 1.

17. Muscle Sports 's website for the Accused Products uses NAI's trademark.

18. Muscle Sports is not authorized to use NAI's CarnoSyn® trademark.

19. NAI has not sold its CarnoSyn® beta-alanine product to Muscle Sports. As such, Muscle Sports' representations to consumers that the Accused Products

include CarnoSyn® as an ingredient is false and misleading and a false designation of origin.

20. Further, beta-alanine ingredient made, sold or used by Muscle Sports is may not be manufactured according to the same strict specifications and may not be subject to the same quality control and/or testing as NAI's CarnoSyn® beta-alanine.

21. Muscle Sports also is improperly using NAI's CarnoSyn® trademark in conjunction with a label claim that its "CarnoSyn® Beta-Alanine Revolution™" product is "Pharmaceutical Grade." *See* Ex. 1 at 1. In doing so, Muscle Sports is misrepresenting to consumers the nature and source of the CarnoSyn® beta-alanine product in a way that causes or is likely to cause consumer confusion. NAI does not represent to the public that its CarnoSyn® is "pharmaceutical grade." Nor would it, because there is no established definition in the industry of "pharmaceutical grade" beta-alanine means.

## **COUNT I**

### **(Trademark Infringement)**

22. The foregoing allegations are incorporated by reference.

23. Muscle Sports 's Accused Products are used, sold, and/or offered for sale in interstate and foreign commerce.

24. In connection with its goods or services, Muscle Sports has used a reproduction, counterfeit, copy, or colorable imitation of NAI's registered trademark without NAI's consent.

25. Muscle Sports knowingly and willfully misrepresented to the public, *inter alia*, the facts alleged above.

26. Muscle Sports used NAI's registered trademark without NAI's consent, knowing that such act is intended to be used to cause confusion, or to cause mistake, or to deceive.

27. By its statements and conduct, Muscle Sports has willfully violated section 32 of the Lanham Act, 15 U.S.C. section 1114, and NAI has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that it would have made but for Muscle Sports's acts.

28. NAI has been irreparably harmed by Muscle Sports 's acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

## COUNT II

## (Lanham Act § 43(a))

29. The foregoing allegations are incorporated by reference.

30. Muscle Sports' Accused Products are used, sold, and/or offered for sale in interstate and foreign commerce.

31. In connection with its Accused Products, Muscle Sports has used a word, term, name, symbol, or device, or any false designation of origin, false or misleading description of fact, or any false or misleading representation of fact, which (A) is likely to . . . deceive . . . as to the origin . . . of his or her goods[.]"

32. As alleged above, Muscle Sports has falsely represented that the Accused Products contain CarnoSyn® beta-alanine, which is sold by NAI. It further represents that its CarnoSyn® Beta-Alanine Revolution™ is "pharmaceutical grade." Such statements or conduct is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Muscle Sports with NAI, or as to the origin, sponsorship, or approval of its Accused Products or commercial activities by another person.

33. By reason of Muscle Sports' statements and conduct, it has willfully violated section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. section 1125(a) (1)(A), and NAI has suffered, and will continue to suffer damage to its business, reputation, and good will.

34. NAI has been irreparably harmed by Muscle Sports' statements and conduct in violation of the Lanham Act. As a direct and proximate result of the foregoing, NAI has suffered damages in an amount to be proven at trial.

## **REQUEST FOR RELIEF**

NAI respectfully requests that this Court enter judgment against Muscle Sports and that the following relief be granted:

a. judgment that Muscle Sports has violated the Lanham Act section 32;

b. treble damages and statutory damages;

c. a preliminary and permanent injunction against continued violations of the Lanham Act;

d. punitive damages allowed by law;

e. attorneys' fees as allowed by law, including without limitation, 15 U.S.C. section 1117(a);

f. costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

g. such other relief as the Court deems just and appropriate under the circumstances.

## **JURY DEMAND**

NAI hereby demands a jury trial on all issues so triable.

Dated: August 2. 2016 **WILSON TURNER KOSMO LLP**

By: s/ Frederick W. Kosmo, Jr.
FREDERICK W. KOSMO, JR.
fkosmo@wilsonturnerkosmo.com

Attorney for Plaintiff
NATURAL ALTERNATIVES
INTERNATIONAL. INC.

**Of Counsel:**
Kevin M. Bell
Richard J. Oparil
W. John McKeague
Porzio, Bromberg & Newman, P.C.
1200 New Hampshire Ave., NW, Suite 710
Washington, DC 20036
(202) 517-1888
(202) 517-6322 (fax)

-8- Case No. _____

COMPLAINT FOR TRADEMARK INFRINGEMENT